# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFF POFF,

        Plaintiff,

    -vs-                                       Case No. 15-CV-954

WILLIAM POLLARD,
DR. REINEN,
JOHN DOE, WCI Dental Director,
BELINDA SCHRUBBE,
MR. TUCKWELL, WCI Food Service Manager, and
TONYA MOON, ICE Secretary,

        Defendants.

## DECISION AND ORDER

The plaintiff, Jeff Poff, a state prisoner who is incarcerated at Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was at Waupun Correctional Institution. He has paid the full filing fee.

Regardless of the plaintiff's fee status, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. B*uchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On January 21, 2014, there was a rock in the baked beans that were served on the plaintiff's lunch tray. The plaintiff bit into the rock and cracked a tooth, which caused him severe pain for the next several weeks

- 3 -

Case 2:15-cv-00954-JPS   Filed 09/23/15   Page 3 of 9   Document 6

and even months. The plaintiff was not the only inmate to find rocks in his baked beans that day.

The plaintiff submitted requests for dental treatment on January 21, 2014, and January 25, 2014; he complained of a cracked tooth and severe pain. The plaintiff saw the dentist on January 27, 2014. However, after his dental visit, the plaintiff continued to feel pain in a different part of his mouth. He submitted additional dental service requests on January 29, 2014, February 11, 2014, and February 27, 2014. The plaintiff also submitted several inmate complaints regarding the rock in the baked beans and the delays and deficiencies in the dental treatment he received.

The plaintiff alleges that his rights under the Eighth Amendment were violated and seeks declaratory relief and compensatory and punitive damages.

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment, which includes a right to adequate medical and dental care. *Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010) (citing *Estelle*, 429 U.S. at 104-105). To state an Eighth Amendment dental care claim, the plaintiff must allege (1) that he suffered from an objectively serious medical condition; and (2) that the individual defendant was deliberately indifferent to that condition. *Berry*, 604 F.3d at 440

(citations omitted).

In his complaint, the plaintiff has sufficiently alleged a serious dental need and delays in receiving treatment, both the six days it took to receive emergency dental care and the delay in receiving follow up care when his issue was not resolved after his first appointment. The plaintiff also suggests that the dental examination he received on January 27, 2014, was not thorough enough.

However, the Court's next step is to determine who the proper defendants are for this claim, and the plaintiff has not provided enough information for the Court to do this. In his statement of claim, the plaintiff does not indicate the name of the dentist who treated him (though perhaps it is implied by him naming "Reinen, WCI Dental" a defendant). Nor does he specifically allege who reviewed and responded to his dental service requests. The Court will provide the plaintiff with an opportunity to amend his complaint to name those individuals personally involved with his dental care and decisions regarding when he received care.

Next, there are no allegations of personal involvement by Warden William Pollard. Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The plaintiff does not state a claim against Pollard.

Nor does the plaintiff state a claim against Food Service Manager Mr. Tuckwell. Despite the plaintiff's attempt to suggest dangerous conditions that led to a rock in his baked beans, there is no indication of anything more than a mistake or negligence. This conclusion is reinforced by the response the plaintiff received to his request for information about the rocks in the baked beans, which the plaintiff attached to his complaint (though it was docketed separately). Someone from Food Services wrote:

> Mr. Poff I'm sorry to hear about your tooth. FS uses raw beans to make our bake beans. We hand wash them to look for stones and other items that always come in that type of product. I will have my workers keep checking to avoid any issue like this from happening again, as there are times when items do slip by us. We try our best to have all your food items safe to eat.

(ECF No. 4, p. 2). Negligence is not actionable under § 1983. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994).

Turning now to the plaintiff's claims against inmate complaint examiner Tonya Moon, the Court notes that only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983. *Grieveson v. Anderson*, 538 F.3d 763, 778 (7th Cir. 2008).

> Ruling against a prisoner on an administrative complaint does not cause or contribute to the

> violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a complete act of misconduct does not.

*George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

With regard to the plaintiff's dental claim, he filed two inmate complaints on February 4, 2014. The plaintiff provided copies of the acknowledgement of receipt for each of these complaints (WCI-2014-2627 and WCI-2014-2628), but he does not provide documentation of how these claims were resolved. He generally states that he used the grievance procedure to try to resolve the issues but no relief ever came. This could mean either that the relief he requested was not granted or that he never received a response to the inmate complaints. The former is likely not a claim, but the latter could be, since it suggests that Moon failed to do her job as inmate complaint examiner and therefore was deliberately indifferent to the plaintiff's serious dental needs. If the plaintiff continues to believe that Moon was personally involved in his dental care claim, he may include allegations against her in his amended complaint.

If the plaintiff wants to proceed on his Eighth Amendment dental care claims, he must file an amended complaint naming the defendants personally involved (or identifying them as John or Jane Does). Such

- 7 -

Case 2:15-cv-00954-JPS   Filed 09/23/15   Page 7 of 9   Document 6

amended complaint must be filed on or before **Friday, October 23, 2015**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** that on or before **Friday, October 23, 2015**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS ALSO ORDERED** that the Clerk of Court provide the plaintiff with a copy of the Court's § 1983 complaint form.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-

Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2015.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**