# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFF POFF,**

        Plaintiff,

        -vs-                                      Case No. 15-CV-954

**WILLIAM POLLARD, WCI Warden,**
**DR. REINEN, WCI Doctor,**
**JOHN DOE AND JANE DOE,**
**WCI DENTAL SUPERVISOR,**
**THE DENTAL DIRECTOR,**
**THE DENTAL DOCTOR,**
**BELINDA SCHRUBBE,**
**MR. TUCKWELL, WCI Food Service Manager, and**
**TONYA MOON, ICE Secretary, et al.,**

        Defendants.

## DECISION AND ORDER

On September 23, 2015, the Court ordered Jeff Poff to file an amended complaint curing several deficiencies identified in the original complaint. (ECF No. 6). The plaintiff filed an amended complaint on October 13, 2015. (ECF No. 9). Therefore, this matter is before the Court for screening of the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A.

In the original complaint, the plaintiff sufficiently pled an Eight Amendment violation involving delayed medical treatment for a cracked tooth. However, he did not provide enough information to determine who

was personally involved in his dental care. Specifically, he did not allege any personal involvement by named defendants Reinen, Schrubbe, Pollard, Tuckwell, and Moon, and he did not identify who within the "HSU Dental Department" contributed to the delay in his dental care. Therefore, the Court ordered the plaintiff to file an amended complaint detailing each defendant's personal involvement in the action.

The plaintiff's amended complaint cures some of the deficiencies described above. However, he still fails to allege personal involvement by defendants Reinen, Schrubbe, Pollard, and Tuckwell. Therefore, these four defendants will be dismissed from the action.

Reinen and Schrubbe are not mentioned in the complaint at all apart from a short description of their job title. Therefore, Reinen and Schrubbe will be dismissed from the action.

Pollard and Tuckwell are mentioned in the complaint, however, neither was personally involved in the underlying constitutional violation. The plaintiff alleges that Pollard is the Warden of Waupun Correctional Institution and that he should therefore be liable for all constitutional violations that occur at the institution. The plaintiff alleges that Tuckwell is the food services manager at Waupun Correctional Institution and that he should be liable for all injuries caused by foreign objects in the

institution's food. Neither allegation implicates personal involvement by either individual in the actual constitutional violation: the delay in dental care.

Under § 1983, government employees are liable for "their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Public officials do not have a free-floating obligation to put things to rights, disregarding rules…along the way." *Id.* at 595. "Bureaucracies divide tasks" and "no prisoner is entitled to insist that one employee do another's job." *Id.* Thus, liability under the statute depends on each defendant's knowledge and intentional acts. *See id.* at 594.

The plaintiff does not allege that Pollard or Tuckwell personally contributed to the delay in his dental care. Pollard and Tuckwell are only included in the complaint to the extent that they are vicariously liable, or negligent, due to their positions within the institution. Indeed, the plaintiff cannot insist that Pollard and Tuckwell be responsible for errors that occurred in his dental care when neither worked in the dental department or participated in his dental care in any way. Therefore, Pollard and Tuckwell will be dismissed from the action.

With respect to Tonya Moon, the plaintiff alleges that she "basically ignored Plaintiff's pleas and submissions to her office." (ECF No. 9 at 5).

Under § 1983, "refusing to do her job" or "routinely send[ing] each grievance to the shredder without reading it" might be a ground for liability. *Burks*, 555 F.3d at 595. Therefore, the plaintiff may proceed on a claim against Moon for failure to investigate and handle his inmate complaints.

Finally, the caption of the amended complaint names defendants "WCI Dental Supervisor," "The Dental Director," and "The Dental Doctor." (ECF No. 9). The amended complaint also includes a paragraph, ¶ 5, which alleges that "John/Jane Doe" nurses, technicians, assistant hygienists, and other assistance personnel delayed dental treatment and left the plaintiff in extreme pain for months. (ECF No. 9 at 2). All of these unnamed individuals are presumably actors within the "HSU Dental Department" who were either present during his dental appointments or who denied his dental requests. Although the plaintiff is unable to name these individuals now, he will have an opportunity to identify these individuals through discovery. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Therefore, the plaintiff may proceed on a claim against these unnamed defendants for delayed medical treatment of his cracked tooth.

In summary, Reinen, Schrubbe, Pollard, and Tuckwell will be dismissed from the action because the plaintiff failed to allege personal

involvement in the constitutional violation. Moon, "the Dental Supervisor," "the Dental Director," "the Dental Doctor," and any "John/Jane Does" from the "HSU Dental Department" who may have been present during the dental appointments or may have denied the plaintiff's dental requests remain in the action.

## **ORDER**

**IT IS THEREFORE ORDERED THAT** defendants Reinen, Schrubbe, Pollard, and Tuckwell are **DISMISSED** from the action pursuant to 28 U.S.C. §1915A(b)(1).

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on state defendant Tonya Moon.

**IT IS ALSO ORDERED** that defendant Moon shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The

Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17th day of February, 2016.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**