# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFF POFF,<br><br>         Plaintiff,<br>v.<br><br>JOHN SCHETTLE, MAN LEE,<br>AMANDA COLE, and JASON<br>JACKSON,<br><br>         Defendants. | Case No. 15-CV-954-JPS<br><br><br><br>**ORDER** |

  Plaintiff, a prisoner, brings this action *pro se* pursuant to 42 U.S.C. § 1983. This matter comes before the Court on Plaintiff's motion for appointment of counsel and for a preliminary injunction. (Docket #50). He claims that he requires the appointment of counsel because he suffers from post-traumatic stress disorder and because his "jailhouse lawyer" was transferred to another institution. *Id.* He also asks the Court to enter an injunction to stop retaliation from prison staff, although he does not describe who engaged in this allegedly retaliatory conduct, nor what any particular person did. *Id.* For the reasons stated below, both of Plaintiff's requests must be denied.

  First, as a civil litigant, Plaintiff has no automatic right to court-appointed counsel. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). However, under 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." The court should seek counsel to represent the plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013)

(quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. banc 2007)). The Seventh Circuit has emphasized that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 (quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)) (internal quotation omitted). Instead, "[t]he question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.*

Plaintiff's request fails on the first element, since he provides no evidence whatsoever that he has made efforts to seek out representation on his own. *Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015). Moreover, the Court finds that Plaintiff's alleged post-traumatic stress disorder does not automatically disable him from litigating this matter. Indeed, his submissions thus far show that he can cogently present evidence and argument in support of his positions. Further, while Plaintiff complains that he no longer has the benefit of a jailhouse lawyer, the operative question is whether the case is too complex for Plaintiff to litigate on his own; it is not whether a jailhouse lawyer might do a better job. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014). Finally, the Court directs Plaintiff to its recent amended trial scheduling order, where the Court cautions that it will not consider requests for appointment of counsel until, at earliest, the close of discovery. (Docket #51 at 5–6). Thus, the Court finds that Plaintiff is not entitled to appointed counsel at this time.

Plaintiff's request for a preliminary injunction is likewise without merit. To obtain a preliminary injunction, Plaintiff must show: (1) that he is

likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Knox v. Shearing*, 637 F. App'x 226, 228 (7th Cir. 2016). To meet his burden, Plaintiff must make a "clear showing that he is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Here, Plaintiff asserts that he has suffered retaliation at the hands of prison officials, but he gives no detail as to who retaliated against him or what they did. As a result, Plaintiff has fallen well short of making the clear showing needed to secure a preliminary injunction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to appoint counsel and for a preliminary injunction (Docket #50) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge