# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFF POFF,<br><br>                      Plaintiff,<br>v.<br><br>JOHN SCHETTLE, MAN LEE,<br>AMANDA COLE, and JASON<br>JACKSON,<br><br>                      Defendants. | Case No. 15-CV-954-JPS<br><br><br>**ORDER** |

On May 22, 2017, Defendants filed a motion for summary judgment as to Plaintiff's claims that they were deliberately indifferent to his serious medical needs. (Docket #59). Plaintiff responded, but did so in a fashion that was not in compliance with the federal or local rules of civil procedure governing summary-judgment practice. *See* (Docket #66, #67); Fed. R. Civ. P. 56; Civ. L. R. 56(b)(2). As a result, the Court determined that all of Defendants' proffered facts were undisputed, and on the basis of those undisputed facts, the Court was obliged to grant summary judgment to Defendants. *See* (Docket #70 at 2–19). The Court issued its order and judgment dismissing this action on June 23, 2017. (Docket #70, #71).

Nearly ten months later, on April 2, 2018, Plaintiff filed a motion to alter or amend the Court's judgment, arguing that his failure to make a proper summary judgment submission shows that he should have been appointed counsel, particularly after his jailhouse lawyer was transferred to another institution. (Docket #72 at 1). He also appears to dispute the Court's substantive rulings, contending that perhaps the Court inappropriately dismissed his complaints of pain from the tooth injury that underlay this case. *Id.* at 2.

Although Plaintiff cites no authority supporting his motion, two rules allow a court to revisit a final judgment in civil cases. First, Rule 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Similarly, Rule 60 allows the Court to vacate a judgment based on, *inter alia*, excusable neglect, newly discovered evidence, fraud by a party, satisfaction of the judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010). The Court's determination is constrained only by its sound discretion. *Venson v. Altamirano*, 749 F.3d 641, 656 (7th Cir. 2014).

Neither Rule affords Plaintiff any relief here. First, a motion under Rule 59(e) must be made no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). This deadline cannot be extended. *Id.* 6(b)(2). Plaintiff's motion was filed well past the deadline.

Second, though a motion under Rule 60(b) does not have a similarly severe time constraint, *see id.* 60(c)(1), Plaintiff points to no newly discovered evidence supporting his claim of deliberate indifference. Instead, he simply repeats the prior contentions made in his legal brief, which the Court has already addressed and rejected. Further, he makes

little effort to explain his failure to properly respond to Defendants' statement of material facts, other than to blame it on his lack of counsel.

Notably, Plaintiff did not ask the Court to reconsider its order denying him the appointment of counsel. (Docket #52). Nor would the Court question that decision, as Plaintiff has made no showing that he lacked the capacity to competently litigate this case himself. In its earlier order, the Court noted that Plaintiff's submissions were cogent, and although he was entitled to use a jailhouse lawyer if one was available, he was not guaranteed such services and needed to show that he himself was incompetent to litigate his case in order to receive the appointment of counsel. *See id.* at 2.

Thus, the Court does not find any excusable neglect, newly discovered evidence, or any other reason justifying the extraordinary relief provided by Rule 60(b). The motion will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter or amend the Court's judgment of June 23, 2017 (Docket #72) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge