# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFF POFF,<br><br>       Plaintiff,<br>v.<br><br>JOHN SCHETTLE, MAN LEE,<br>AMANDA COLE, and JASON<br>JACKSON,<br><br>       Defendants. | Case No. 15-CV-954-JPS<br>7th Circuit Case No. 18-2157<br><br><br><br>**ORDER** |

  On May 22, 2017, Defendants filed a motion for summary judgment as to Plaintiff's claims that they were deliberately indifferent to his serious medical needs. (Docket #59). Plaintiff responded, but did so in a fashion that was not in compliance with the federal or local rules of civil procedure governing summary-judgment practice. *See* (Docket #66, #67); Fed. R. Civ. P. 56; Civ. L. R. 56(b)(2). As a result, the Court determined that all of Defendants' proffered facts were undisputed, and on the basis of those undisputed facts, the Court was obliged to grant summary judgment to Defendants. *See* (Docket #70 at 2–19). The Court issued its order and judgment dismissing this action on June 23, 2017. (Docket #70, #71).

  Nearly ten months later, on April 2, 2018, Plaintiff filed a motion to alter or amend the Court's judgment, arguing that his failure to make a proper summary judgment submission shows that he should have been appointed counsel, particularly after his jailhouse lawyer was transferred to another institution. (Docket #72 at 1). He also appeared to dispute the Court's substantive rulings, contending that the Court inappropriately dismissed his complaints of pain from the tooth injury that underlie this case. *Id.* at 2. The Court construed the motion as seeking relief under Federal

Rules of Civil Procedure 59(e) and 60(b), and it denied the motion in an order dated April 9, 2018. (Docket #73).

Plaintiff filed a notice of appeal on May 23, 2018, seeking to appeal both the Court's June 23, 2017 judgment and its April 9, 2018 order denying him relief from that judgment. (Docket #74). He also filed a motion for leave to use funds from his release account to pay the appellate initial partial filing fee ("IPFF"). (Docket #76); 28 U.S.C. § 1915(b)(1). However, the Court cannot assess an IPFF on appeal unless and until Plaintiff is granted leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915. Plaintiff has not asked for or been granted such leave. However, to ensure expeditious resolution of the matter of the appellate fee, the Court will construe Plaintiff's filing as including a request for leave to proceed *in forma pauperis* on appeal. For the reasons stated below, the Court will deny that request.

Plaintiff, a prisoner proceeding *pro se*, may not proceed *in forma pauperis* on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

Plaintiff's notice of appeal gives no detail regarding the alleged errors requiring appellate review. *See* (Docket #74). His motion for leave to proceed *in forma pauperis* on appeal is likewise devoid of any mention of the findings of the Court which he plans to challenge on appeal. *See* (Docket

#76 at 1). This dearth of information makes it impossible for this Court to find that the appeal has any merit.

Moreover, the Court does not independently discern any reversible error it committed in dismissing Plaintiff's claims or his motion to alter or amend the judgment. First, his case was undermined in large part due to his own failure to uphold his obligations as a litigant, including responding appropriately to Defendants' motion for summary judgment. Second, the Court properly denied Plaintiff's late-coming motion for relief from the judgment, which simply rehashed previously stated arguments and made threadbare assertions that appointment of counsel was warranted. Absent any suggestion that these rulings were erroneous, the Court finds that Plaintiff's appeal is wholly without merit. Finally, it is worth noting that Plaintiff filed his notice of appeal well after the expiration of the period in which to do so afforded by Federal Rule of Appellate Procedure 4, which will likely doom his appeal no matter its merit. *See* Fed. R. App. 4(a)(1)(A). For these reasons, the Court must deny Plaintiff's request for leave to appeal *in forma pauperis*.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without prepayment of the filing fee unless the Court of Appeals gives him permission to do so. Plaintiff has thirty (30) days from the date of this Order to request that the Seventh Circuit review the Court's denial of his request for leave to appeal *in forma pauperis*. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant

to Federal Rule of Appellate Procedure 24(a). He must also provide a copy of this Order, in addition to the notice of appeal he previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #76) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge