# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JEFF POFF, <br><br> Plaintiff, <br><br> v. <br><br> JOHN SCHETTLE, MAN LEE, AMANDA COLE, and JASON JACKSON, <br><br> Defendants. | Case No. 15-CV-954-JPS <br><br> **ORDER** |

On June 23, 2017, the Court issued an order granting summary judgment in the above-captioned case and dismissing the action. (Docket #70, #71). Ten months later, on April 2, 2018, Plaintiff filed a motion to alter or amend the Court's judgement, which the Court denied on April 9, 2018. (Docket #72, #73). Plaintiff filed a notice of appeal on May 23, 2018, seeking to appeal the June 23, 2017 judgment and the April 9, 2018 order denying him relief from judgment. (Docket #74). In so doing, he requested the use of funds from his release account to pay the initial partial filing fee as provided by 28 U.S.C. § 1915(b)(1). (Docket #76). The Court construed Plaintiff's filing as a request for leave to proceed *in forma pauperis* on appeal, and denied the request. (Docket #80). The Court determined that the appeal was not taken "in good faith" as required by 28 U.S.C. § 1915(a)(3). *Id.* at 2. The Court concluded that the appeal was frivolous, and no reasonable person could suppose that it had merit. *Id*. Specifically, the Court noted that the motion for leave to appeal *in forma pauperis* was "devoid of any mention of the findings of the Court which he plan[ned] to challenge on appeal," and the

"dearth of information ma[de] it impossible for this Court to find that the appeal has any merit." (Docket #80 at 2–3). Additionally, the Court did not independently find any error that it had committed. *Id.* at 3. On November 29, 2018, Plaintiff filed a motion for reconsideration in which he requested to use his release account statement in order to pay the initial partial filing fee on appeal. (Docket #83).

A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[T]he only grounds for a Rule 59(e) motion. . .are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). A party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1),(6).

Plaintiff points to no change in law or manifest error in law that warrants an alteration or amendment of judgment under Rule 59(e); and, at any rate, Plaintiff's submission is several months too late. Moreover, after examining Plaintiff's motion, the Court does not find any basis to provide relief under Rule 60(b). Plaintiff explains why he believes that he is entitled to use his release account fund to pay his initial partial filing fee, but this does not address the overriding issue, which is that the appeal lacks merit. Additionally, the Court generally does not allow prisoners to use funds from their release account to satisfy the filing fee requirements because these accounts are maintained to be used upon release from custody. *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466); *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #83) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge